IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **DOROTHY ANN OILER,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v.   ) | **CIVIL ACTION NO. 5:08-0995** |
| ) | **(Criminal No. 5:06-0098)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and incarcerated at FPC Alderson, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on August 14, 2008.[1] (Document No. 248.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 250.)

## FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2006, Movant pled guilty to Count One of the Indictment in Criminal Action No. 5:06-00098 charging her with conspiracy to distribute a quantity of cocaine base in violation of 21 U.S.C. § 846. (Criminal Action No. 5:06-00098, Document Nos. 81 and 84.) Movant was sentenced on January 24, 2007. (Id., Document Nos. 150 and 164.) The District Court determined that Movant had a Base Offense Level of 36, and a Total Offense Level of 35, the Court having imposed a two-level firearm enhancement and granted a three-level downward adjustment for acceptance of responsibility. (Id., Document No. 204, Transcript of Sentencing Hearing, p. 51.) The District Court

---

[1] Because Movant is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

ordered that Movant serve a 168-month term of incarceration to be followed by a three-year term of supervised release. (Id., pp. 53 - 54.) The District Court also imposed a $100 special assessment. (Id., p. 55.) Movant did not appeal her sentence to the Fourth Circuit Court of Appeals.

On April 15, 2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding her Crack Cocaine Offense.[2] (Id., Document No. 222.) By Memorandum Opinion and Judgment Order entered on May 7, 2008, the District Court denied Movant's request for re-sentencing[3] and granted her request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 230.) The District Court reduced Movant's sentence to "a period of 135 months, with credit for time served to date." (Id..) On May 12, 2008, trial counsel, Michael Clifford, filed a notice of appeal on Movant's behalf. (Id., Document No. 234.) Movant argued that the District Court erred in "denying her request for re-sentencing." On September 23, 2008, the Fourth Circuit affirmed the District Court's ruling. (Id., Document No. 253.); United States v. Oiler, 294 Fed.Appx. 32 (4th Cir. 2008).

On August 14, 2008, Movant filed her Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 5:08-000995, Document No. 248.) As grounds for *habeas* relief, Movant alleges as follows: (1) Ineffective assistance of counsel; (2) Involuntary plea; and (3) Material misrepresentation by government. (Id., pp. 4 - 10.) In claiming

---

[2] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

[3] The District Court stated that "any argument that Defendant is entitled to a sentence below that provided for by the two level reduction is without merit, and Defendant's request for 're-sentencing' is DENIED." (Criminal Action No. 5:06-00098, Document No. 230, p. 2.)

ineffective assistance of counsel, Movant states as follows: (1) counsel failed to "thoroughly and completely investigate" the evidence against Movant; (2) counsel failed "to deliver or show me or go over all the discovery and evidence prior to the plea agreement; (3) "counsel failed to know the process of federal proceedings and as a result I was not advised correctly on my signing of the plea-bargain agreement;" (4) "counsel failed to advise, bring or show to me the complete evidence and witness or co-defendant list before agreeing and signing the plea-agreement;" (5) "counsel presented no witnesses, evidence or experts in my defense;" (6) "counsel failed to challenge the credibility of the accusers and the correctness of the evidence;" (7) "counsel stipulated incorrect information when developing plea agreement and when defendant ask counsel to correct errors, counsel refused;" and (8) "counsel misrepresented the outcome of me signing the plea agreement verses going to jury trial." (Id., p. 5.) Next, Movant alleges that her plea was involuntary because "I was unfairly persuaded to not deny anything by several parties." (Id., p. 7.) Specifically, Movant contends that "[b]etween my husband, the Government, and my counsel, I was convinced I would be going to prison for the rest of my life if I did not sign the plea agreement - even if I didn't do the crime, so I signed the agreement." (Id., p. 7.) Finally, Movant contends that the there was a "material misrepresentation by the government" because the "[g]overnment purported to have a film and conversation of me selling drugs [but] I was never shown any film or heard any conversation of me selling drugs." (Id., p. 10.)

## ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1)    the date on which the judgment of conviction becomes final;

3

  (2)  the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255.

Movant was sentenced on January 24, 2007, and her sentence became final ten days later when she did not file a Notice of Appeal (February 3, 2007).[4] On August 14, 2008, more than six months after the one year period expired, Movant filed the instant Motion raising issues respecting matters in Criminal No. 5:06-0098 prior to her January 24, 2007, sentencing. Movant's Motion is therefore clearly untimely.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances

---

[4] Although Movant's sentence was reduced pursuant to 18 U.S.C. § 3582(c) on May 7, 2008, the undersigned finds that Movant's conviction and sentence became final on February 3, 2007. Title 18 U.S.C. § 3582(b) provides that notwithstanding fact that a sentence can be modified pursuant to subsection (c), corrected pursuant to Rule 35, or modified pursuant to section 3742, "a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b); *also see United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001)(stating that "Congress did not intend for Fed. R. Crim. Pro. 35(b) motions to prevent convictions from becoming final for § 2255 purposes"); *Potter v. United States*, 2007 WL 749674 (E.D.Va. Mar. 5, 2007)(rejecting "petitioner's argument that his conviction did not become final until disposition of the government's Rule 35(b) motion for a reduction petitioner's sentence").

external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 200)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must

demonstrate that circumstances beyond her control or government misconduct contributed to her inability to file her Section 2255 motion on time. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. Accordingly, Movant's Section 2255 Motion must be dismissed as untimely.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 248) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Movant shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91

(4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant who is acting *pro se*.

Date: March 25, 2009.

R. Clarke VanDervort
United States Magistrate Judge